Mr. Chief Justice ShaRKey
delivered the opinion of the court.
Suit was instituted by Harvie, on whose estate the plaintiffs are executors, against the Trustees of Franklin Academy, on a writing obligatory. The trustees being doubtful as to the ownership of the instrument, filed a bill of interpleader against Har-vie’s executors, and the heirs of J. D. Watkins, and paid the money into court. Watkins died in Texas, and there was no administration here on his estate. It is alleged in the bill that Harvie had received the writing obligatory from Watkins’s administrator, in Texas, for collection only; notwithstanding which he had brought suit in the name of the payee for his own use.
The parties answered, Harvie’s executors insisting on the benefit of a demurrer. They do not positively assert a right in Harvie, whilst a right in Watkins’s estate is positively asserted *485 by his heirs: and on the proof, the vice-chancellor decreed in favor of the heirs.
The decree is probably sufficiently sustained by the proof, so far as the title to the note is involved; but the important question arises, Can the parties brought in by the bill litigate this matter? Watkins was the owner; but are the heirs clothed with such right as to enable them to maintain a suit in chancery under the circumstances? The case of Farve’s Heirs v. Graves and Wife, (4 S. & M.) is relied on; but it is distinguishable from the present case in many particulars. Farve had died in New Orleans in 1813. His widow, under an irregular or pretended administration, had taken possession of all his property in this state, which consisted of a large estate, much of which had been wasted. She had, with her husband Graves, continued to hold the property for many years, and to receive the profits. She was of course entitled to part of it; besides which, the will contained a provision in her favor. She, it would seem, claimed the whole, or at least had refused to account to the heirs. She had sold part of the property, and converted the proceeds to her own use. Her adverse claim, the unsettled condition of the estate, her undivided interest, and the necessarily complicated state of accounts, which had been running on for upwards of twenty years, required the powers of a court of chancery to enable the heirs to obtain justice. But in this case the heirs assert a right to have a decree in their favor for the amount of a single debt due their ancestor. They can claim only as distributees, and not as the legal representative of Watkins. Where there is no general personal representative, a special administration, limited to the subject of the suit, is generally required. Mitf. Plead. 177, 178.
A'bill of interpleader must show that both defendants claim a right, or one or both may demur. Mitf. Plead. 198. One, it is true, may be a legal, and the other an equitable right. An equitable right is such right as may be asserted and maintained in a court of equity. Ordinarily the heirs of a deceased person cannot in equity recover the debts due the deceased. That rule would entirely dispense with administration. In affording *486 relief on a bill of interpleader, where the rights are legal, equity acknowledges and acts upon the foundation of the legal right, and gives to the parties that measure of justice which they ought severally to attain, if, by circuity of action, they were to proceed at law. Jeremy’s Eq. 346. The heirs could not proceed at law or in equity. A party cannot litigate by interplead-ing where the court can make no decree against him, or where the decree would not finally settle the right. A decree against these heirs would not bind an administrator. The case tendered by a bill of interpleader ought to be, that the whole of the rights claimed by the defendants may be properly determined by litigation between them, and that the plaintiff is not under liability to either beyond that which arises to the title of the thing in contest. 2 Story’s Eq. 160, n. 2. A bill of interpleader, says Judge Story, cannot be maintained by any person who does not admit a right in two claimants, and does not also show two claimants in existence capable of interpleading. 2 Story’s Eq. 164. The true ground on which the plaintiff comes into equity is, that he may not be vexed by two suits against him, pending at the same time. Id. 148. This case does not present two persons capable of interpleading, nor could they maintain two suits at the same time. As a proper case is not made out for a bill of interpleader, Harvie’s executors must have the benefit of a demurrer. We cannot decree against them without decreeing in favor of the other party, which cannot be done. If administration should be taken out, the administrator may still have a remedy, as the title seems to be in Watkins’s estate.
Decree reversed, and bill dismissed.